UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

OSWALD A. LEWIS,

                Plaintiff,

              -against-                             **MEMORANDUM AND ORDER**
                                                               16-CV-1057 (RPK) (TAM)

BUREAU OF ALCOHOL, TOBACCO & FIREARMS, UNITED STATES MARSHAL'S SERVICE, HOWARD STERN, AYESHA WINSTON, CHRISTOPHER BARTOSH, PATRICK DONOHUE, SANDY RAO, BRIAN BANKS, RYAN WESTFIELD, ROBERT LEDOGAR, and ANTHONY DINEEN,

                Defendants.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Oswald A. Lewis brought an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that federal law enforcement officials violated his constitutional rights by using excessive force and fabricating evidence. After defendants moved for summary judgment for all defendants on all claims, the Court granted the motion in part and denied it in part. The claims that remain to be tried are plaintiff's claims that (i) Deputy Marshal Ryan Westfield used excessive force when he kicked plaintiff in the face after plaintiff had been subdued, and (ii) Deputy Marshals Christopher Bartosh, Brian Banks, Robert Ledogar, and Anthony Dineen failed to intervene to stop that force.

The remaining defendants move to dismiss those claims under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction. Defendants argue that there is no *Bivens* remedy for claims that federal officials used excessive force or failed to intervene against excessive

1

force. Because that argument does not implicate subject-matter jurisdiction, defendants' motion is denied.

## BACKGROUND

### A. Factual Background

On August 26, 2014, in Queens, plaintiff Oswald A. Lewis was arrested by deputies from the United States Marshals Service ("USMS"). *See* Defs.' Local Rule 56.1 Statement ¶ 7 (Dkt. #57-3) ("Defs.' Statement"); Pls.' Opp'n to Defs.' Local Rule 56.1 Statement ¶ 7 (Dkt. #58-1) ("Pl.'s Statement"). The deputies included Deputy Marshals Ryan Westfield, Christopher Bartosh, Brian Banks, Robert Ledogar, and Anthony Dineen. *See, e.g.*, Defs.' Statement ¶¶ 37, 44. The deputies state that they were part of a fugitive arrest team that traced plaintiff to the Springfield Gardens section of Queens and then breached his residence. *See id.* ¶¶ 7-8, 15, 22.

According to the deputies, as they approached plaintiff's bedroom, plaintiff yelled out that he had a hostage. *See id.* ¶ 24. After opening and closing the door multiple times, plaintiff then shot at the deputies, who returned fire. *See id.* ¶¶ 28, 33. Plaintiff also fired multiple shots out the window at other personnel who were standing in a nearby alleyway. *See id.* ¶ 34. Soon after, plaintiff announced that he had been shot and would surrender. *See id.* ¶ 36. When he came out of the building, however, plaintiff did not follow instructions to raise his hands or lie on the ground. *See id.* ¶ 40. Instead, he would not put his hands behind his back, and he struggled with the deputies. *See id.* ¶¶ 40-45. Eventually, plaintiff was tackled and handcuffed. *See id.* ¶ 40.

Plaintiff offers a different account. According to plaintiff, he never said that he had a hostage; rather, he said that he had kids. *See* Pl.'s Statement ¶ 24. The deputies opened fire through the door while he was still "unarmed." *Id.* ¶ 31. Plaintiff got his firearm, and he fired "two warning shot[s]" at his air conditioner and into the air "in an obvious attempt to save his life." *Ibid.* Upon hearing gunfire, the officers outside "returned friendly fire [i]n the backyard at each

2

other." *Ibid.* Plaintiff was shot in the wrist. *See id.* ¶ 36. Plaintiff states that he "exited the apartment with both hands up above his head with his right hand holding on to his left wrist." *Id.* ¶ 38. He "got to his knees." *See id* ¶ 40. Plaintiff was then "punch[ed] [in] the face by [Deputy] Ryan Westfield," who placed him into handcuffs that were too tight. *Ibid.* As relevant to this motion, plaintiff states that after being handcuffed, he was "assaulted by numerous kicks to the face that cause[d] hi[m] facial and eye injuries." *Ibid.*

### B. Procedural History

Plaintiff filed this action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. at 1 (Dkt. #1). The amended complaint named as defendants Deputy Marshal Ryan Westfield, Brian Banks, Christopher Bartosh, Anthony Dineen, and Robert Ledogar, among others. *See* Am. Compl. at 1 (Dkt. #27). Plaintiff later specified that he intended to proceed only on claims that defendants used excessive force and fabricated evidence in violation of his constitutional rights. *See* Lewis Letter (May 19, 2017) (Dkt. #44).

All defendants moved for summary judgment on all claims. *See* Defs.' Notice of Mot for Summ. J. at 1 (Dkt. #57); Defs.' Mem. of L. in Supp. of Mot. For Summ. J. at 28 (Dkt. #57-2). Judge Matsumoto, to whom this case was then assigned, referred the motion to Magistrate Judge Orenstein for a report and recommendation. *See* Order Referring Mot. (Apr. 23, 2018). Judge Orenstein recommended that the motion be denied as to the excessive force claims against certain deputy marshals but granted in all other respects. *See* R. & R. at 1 (Dkt. #62). Both parties filed objections. *See* Defs.' Objections at 3 (Dkt #64); Pl.'s Objections at 2-3 (Dkt. #66).

Judge Matsumoto ultimately granted summary judgment to all defendants on all claims except for the following: First, Deputy Marshal Westfield was denied summary judgment on plaintiff's claim that he kicked plaintiff in the face after plaintiff had been subdued and handcuffed. *See* Order Adopting R. &. R. in Part at 20-21 (Dkt. #67). Second, Deputy Marshals Banks,

3

Bartosh, Dineen, and Ledogar were denied summary judgment on plaintiff's claims that they failed to intervene to stop Deputy Marshal Westfield's alleged use of force. *See id.* at 24.

This action was then reassigned to me. A month after reassignment, defendants sought leave to "move for summary judgment dismissing the excessive force claim against [Deputy Marshal Westfield] for lack of subject matter jurisdiction." Defs.' Letter at 3 (Mar. 5, 2020) (Dkt. #77). Defendants also sought leave "to move for summary judgment dismissing plaintiff's claim of a failure to intervene to stop the alleged use of excessive force." *Id.* at 4.

After the Court directed defendants to explain "why the Court should consider a successive motion, given that the proposed motion appears to rest on arguments that could have been raised in defendants' first motion for summary judgment," Order (Mar. 6, 2020), defendants clarified that the proposed motion "would actually be a motion to dismiss for lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(h)(3), Defs.' Letter at 1 (Mar. 18, 2020). The letter stated that defendants would argue that "plaintiff's allegation of excessive force constitutes an impermissible new context under *Bivens* that must be dismissed." *Id.* at 3. The Court granted leave to file that motion. Order (Apr. 26, 2020).

## DISCUSSION

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). And Rule 12(h)(3) provides that a court "must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Defendants' motion to dismiss on jurisdictional grounds is therefore timely. But the motion fails on its merits because subject-matter jurisdiction exists here. Defendants' arguments regarding whether a *Bivens* remedy is available in this case are not jurisdictional ones.

## I. The Court has subject-matter jurisdiction over this action.

A district court has jurisdiction to "adjudicate those cases that fall within Article III of the Constitution and a congressional authorization enacted thereunder." 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1350 (3d ed. 2021); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Article III of the Constitution extends the judicial power to all cases "arising under th[e] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const., art. III, § 2; *see Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 823-24 (1824). Congress grants district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] case arises under federal law" at least "when federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 257.

Plaintiff's asserted cause of action under *Bivens* is federal. Plaintiff "seek[s] recovery squarely on the ground that [defendants] violated the Fourth . . . Amendment[]." *Bell v. Hood*, 327 U.S. 678, 681 (1946). *Bivens* recognized "a cause of action for damages consequent upon [t]his unconstitutional conduct" under certain circumstances. *Bivens*, 403 U.S. at 389. Accordingly, by invoking *Bivens*, plaintiff asserts "an implied cause of action" under "the Constitution itself" for "damages" to remedy Constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). Because plaintiff is asserting a cause of action implied under the Constitution itself, a district court has subject-matter jurisdiction.

Defendants do not assert any defect in subject-matter jurisdiction in their 12(h)(3) motion. They argue that plaintiff's remaining claims present a new *Bivens* context, that special factors counsel against extending *Bivens* to that context, and that an alternative process exists to protect plaintiff's interest. *See* Def.'s Mem. of L. in Supp. of Mot. to Dismiss at 7 (Dkt. #87) (citing

*Ziglar*, 137 S. Ct. at 1855). But "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Rather, "[i]f the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well to decide that it has." *Montana-Dakota Utilities Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249 (1951). That means that a district court has jurisdiction where, as here, "the right of the [plaintiff] to recover under [the] complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Steel Co.*, 523 U.S. at 89. Accordingly, defendants' *Bivens* arguments are not jurisdictional ones. *See Smith v. United States*, 561 F.3d 1090, 1100 n.10 (10th Cir. 2009) ("[W]hether a court should imply a *Bivens* remedy is not a question of subject matter jurisdiction."); *see also Koprowski v. Baker*, 822 F.3d 248, 251 (6th Cir. 2016).

It is true that a complaint may be dismissed for lack of subject-matter jurisdiction when a plaintiff's contention that a federal cause of action exists "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or "where such a claim is wholly insubstantial and frivolous." *Steel Co.*, 523 U.S. at 89. But there is nothing in the record to suggest that plaintiff brought a *Bivens* action against defendants only to obtain jurisdiction. And plaintiff's invocation of *Bivens* is not frivolous. Some courts have concluded that *Bivens* recognizes a cause of action for excessive force and related claims under some circumstances. *See, e.g.*, *Jacobs v. Alam*, 915 F.3d 1028, 1038 (6th Cir. 2019) (holding plaintiff had cause of action under *Bivens* itself to bring "run-of-the-mill challenges" to "standard law enforcement operations," including excessive force claims); *Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701, 708-09 (S.D.N.Y. 2020) (holding plaintiff had cause of action under *Bivens* itself to bring excessive force claim); *Lehal v.*

6

*Central Falls Detention Facility Corp.*, No. 13-CV-3923, 2019 WL 1447261, at *12 (S.D.N.Y. Mar. 15, 2019) (same); *but see Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (holding there was no cause of action in case where plaintiff brought excessive force claim); *Style v. Mackey*, No. 17-CV-1691, 2020 WL 3055319, at *4 (E.D.N.Y. June 8, 2020) (same); *Rivera v. Samilo*, 370 F. Supp. 3d 362, 371 (E.D.N.Y. 2019) (same). Accordingly, defendants have failed to identify any jurisdictional defect.

## CONCLUSION

Defendants' motion to dismiss this case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) is denied.

SO ORDERED.

                                                 /s/ Rachel Kovner
                                                 RACHEL P. KOVNER
                                                 United States District Judge

Dated:       June 23, 2021
               Brooklyn, New York